**In re Michael William & Ellen Kay NEWTON.**

**No. 96–02451–PHX–RTB.**

United States Bankruptcy Court,
D. Arizona.

Aug. 4, 2000.

Eric Slocum Sparks, Law Offices of Eric Slocum Sparks, P.C., Tucson, AR, for debtor.

Charles M. Duffy, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

REDFIELD T. BAUM, Sr., Bankruptcy Judge.

Tried to the court was the debtor's objection to the proof of claim of the Internal Revenue Service, ("I.R.S."). The I.R.S. asserts a claim against the debtor, Michael Newton ("Newton"), as a responsible person pursuant to 26 U.S.C. 6672 for unpaid withholding taxes owed by the Price Value Hotels, Inc. ("Hotel"). For the reasons stated below, the court concludes that Newton was a responsible person for the first five quarters of the taxes withheld and is liable for those taxes.

The unpaid withholding taxes at issue were for the tax periods/quarters ending December 31, 1989 through March 31, 1991. Newton admits that he was the president and major shareholder for Hotels through the end of 1989; and acknowledges liability for the claimed taxes for that fourth quarter of 1989. However, Newton asserts that his relationship with Hotel ended prior to 1990 and, therefore, he is not liable for the last five quarters of unpaid withholding taxes.

At about the beginning of 1990, Newton and the other shareholders of Hotels agreed to sell the stock in that corporation and agreed that the buyers would take over day to day control of the hotel. The stock was placed in escrow but the deal never closed. A similar agreement was made later in 1990 with the same result, no closing. In August 1990, Newton did sign as president of Hotel the second agreement for the sale of all the stock of Hotel to a new purchaser. Newton retained control over a corporate checking account. As he was requested and agreed to obligations of the Hotel and/or the operations were paid from that account. Such payments were only made with his approval. Hotel's one time corporate secretary and hotel manager, Sheila Overall ("Overall"), actually signed such checks but only upon direction from Newton. It was Newton who directed Overall, who so acted, to file the tax returns reporting the withholding taxes owed without paying such taxes due to a lack of funds.

Hotel filed its Chapter 11 bankruptcy petition on October 9, 1992 (B-92-3196-TUC-LO). In its verified statement of financial affairs, in response to question 20(b) regarding officers and directors whose relationship with the corporation was terminated within the last year it answered that the relationship of Newton and Overall were terminated in July 1992. Some of the monthly operating reports filed with the bankruptcy court were signed by Overall on behalf of the corporation.

The I.R.S. assessed the unpaid withholding taxes against Overall and Newton under the responsible party statutory provisions. Overall and Newton used the same accountant to represent them in dealing with the I.R.S. regarding their personal liability for these taxes. The I.R.S. abated (withdraw) the liability as to Overall, in large part based on an affidavit submitted by Newton. In that affidavit, Newton stated:

1. At all times relevant to this Affidavit, I was the President of Price Value

Hotels, Inc., which engaged in business in Phoenix, Arizona. I make this Affidavit of my own personal knowledge, knowing that it will be relied upon by the agents of the Internal Revenue Service in connection with their consideration of 941 taxes, interest and penalties assessed against the corporation.

2. At all relevant times relating to the taxes I was the President of Price Value Hotels, Inc., and was in complete charge of the business which was conducted by the corporation, including the preparation of the 941 returns in question and the disbursements of corporate funds. The corporation had numerous employees, hotel and administrative, but all employees were subject to my dominion and control and only took such action on behalf of the corporation as directed to take by me personally.

3. One of such employees was Sheila H Overall. Mrs. Overall was an administrative employee of the Sands Hotel who was occasionally directed by me to perform some tasks for and on behalf of Price Value Hotels, Inc., she had no authority to undertake any action on behalf of the corporation for which I had not personally instructed her to do so and she had no authority to disburse corporate funds without permission to do so.

4. In the instances of the 941 taxes, interest and penalties against said corporation, I instructed Mrs. Overall to cause to be prepared the 941 returns and to sign and file them with the Internal Revenue Service. Since the corporation did not have sufficient funds with which to pay the liabilities, she was instructed that the returns be sent to the Internal Revenue Service without checks for the payment of the liabilities.

5. I am aware that the Internal Revenue Service has made assessments against Mrs. Overall for the corporation's liability for non-payment of the 941 taxes. I consider such assessment to be wrongful for any and all I.R.S. 941 taxes against Mrs. Overall, inasmuch as Mrs. Overall was at all times during such time acting pursuant to my instructions in whatever she did on behalf of Price Value Hotels, Inc.

It appears to the court that the parties agree on the legal standard for determining who is a responsible party who acted willfully in failing to collect or pay the withheld taxes under 26 U.S.C. § 6671. That responsible party standard is one who had the final word as to what bills should be or should not be paid, and when. Willfulness is defined as a voluntary, conscious and intentional act to prefer other creditors over the United States. *See: Davis v. U.S.* 961 F.2d 867 (9th Cir. 1992); *Purcell v. United States,* 1 F.3d 932 (9th Cir.1993). Davis concluded that the use of corporate funds to pay other creditors and not the withheld taxes establishes willfulness.

Based on the evidence presented, the court concludes that Newton had the requisite authority, i.e., the final word on what bills to pay and when to pay them. It is undisputed that Overall, at the directions of Newton, paid various obligations of Hotel during the time period at issue. Newton's assertions that he was no longer in control of Hotel after 1989 are not supported by his own acts and the evidence. He signed a contract for the sale of all the stock in August 1990 as president of Hotel. The verified bankruptcy filings listed him as an officer and/or director until July 1992. His own affidavit to the I.R.S. is not limited, as claims, to only the fourth quarter of 1989 but continually states that it applies to all relevant times, relating to the 941 taxes and that Overall only acted regarding

**4**

these taxes as directed by Newton; a clear admission against interest by Newton.

■ The evidence also supports a finding of willfulness on Newton's part to prefer other creditors over the United States. The checking account for the corporation and the 941 tax returns establish that for the first five tax quarters at issue here more than sufficient funds were deposited and disbursed from the corporate bank account to allow payment of the withheld taxes. However, as to the sixth and final quarter, there is not sufficient evidence to support such a finding. The record does not show that during that quarter other creditors were preferred over United States. Thus, the tax liability for that quarter ($12,463.79), will not be assessed to Newton because the court can not find that the non-payment of these withholding taxes occurred when other creditors were being paid, i.e., the failure to pay was not willful.

Therefore, excluding the tax liability for the first quarter of 1991, Newton is liable for the taxes sought by the I.R.S. in its proof of claim. Accordingly, the objection to that claim is overruled.

Counsel for the I.R.S. shall serve and lodge an appropriate order.